STURTEVANT MILL CO. ET AL. *vs.* THE COSMIC CEMENT AND STONE CO.

*Claims of Creditors of Insolvent Corporation—Subscription to Stock Held Not to Have Been Payable in Money—Insufficiency of Record on Appeal.*

Upon the distribution of the assets of an insolvent corporation, the appellants excepted to the allowance of the claim of a certain creditor upon the ground that he had made a subscription, payable in money, to the capital stock of the corporation; that this subscription had not been paid and should now be set off against his claim. Upon an examination of the evidence, *held,* that this creditor had not agreed to pay for the shares of stock in money, but that the same were to be issued to him in exchange for certain property, and it was determined on a former appeal that this agreement was void because not ratified by the stockholders.

On appeal from an order overruling exceptions to an auditor's account which allowed a dividend on the claim of a creditor of an insolvent corporation, when the appellant alleges that the creditor had not fully paid his subscription to the stock of the corporation and that the balance due should be set off against the claim, this Court cannot determine that question, since the alleged agreement of subscription to the stock is not contained in the record.

*Decided January 12th, 1910.*

Appeals from Circuit Court No. 2 of Baltimore City (SHARP, J.).

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER, BURKE, THOMAS and PATTISON, JJ.

*R. Howard Bland* (with whom was *J. Kemp Bartlett*, on the brief), for the Sturtevant Mill Co.

*Edwin H. Brownley*, for J. Frank Morrison.

*B. B. Shreeves*, for Pierce B. Wilson.

PATTISON, J., delivered the opinion of the Court.

There are three appeals in this case, all from a decree of the Circuit Court No. 2 of Baltimore City, overruling exceptions to an auditor's account distributing the assets of the appellee company, which had, by a previous order of said Court, been placed in the hands of a receiver for liquidation because of its insolvency. Two of these exceptions were to the allowance of the claim of Dr. Pierce B. Wilson, one of which was filed by the Sturtevant Mill Company and the other by J. Frank Morrison, both creditors of the said insolvent company; the third exception was filed by Dr. Pierce B. Wilson to the claim of the said J. Frank Morrison.

This is the second time this case has been before this Court; the first time was at the October Term, 1908, and is reported in 109 Md., page 11.

The former appeal was also from an order of the Circuit Court No. 2 of Baltimore City, sustaining exceptions to an auditor's account in this case distributing the assets of the appellee company and directing a restatement of the account; the only claim involved therein being the one filed by Dr. Pierce B. Wilson for salary alleged to be owing him from said company. The claim of Dr. Wilson was based upon a sale or disposition made by him unto the appellee

company of a formula to be used in the production of cement, tiles, etc., at and for the sum of one hundred thousand dollars. The terms and conditions of this sale were reduced to writing, and are fully set out in the opinion of this Court in the former appeal. By its terms and provisions, ten thousand dollars were to be in lieu of salary as chemist until said sum was fully paid, as set forth in said agreement; the balance, ninety thousand dollars, was to be paid him in the stock of the company—eighteen hundred shares of the par value of fifty dollars per share.

As stated by this Court in its opinion, the exceptions were to the claim *and the contract* upon which it was founded. Therefore it became necessary for the Court to consider and pass upon the validity of the contract. This Court did, and in its opinion said: "We think the contract attempted to be made by the acceptance of this proposal should be held, upon a fair construction of its terms, to have been divisible, and the portion of it relating to the employment of the doctor by the company as its chemist be held to be binding upon the parties, although the part relating to the issue of the stock and the transfer of the discovery and formula must, for the reasons already stated, be held to have been void." But this Court differed from the lower Court as to the classification of a portion of the claim of Dr. Wilson, holding that six hundred dollars of it, his salary for three months, should have been allowed him in full; while the lower Court treated the whole indebtedness as a general claim, upon which only a dividend was allowed.

It was for this last reason that the case was remanded, in order that an audit could be stated in conformity with the Court's views so clearly defining the rights of Dr. Wilson under his contract with the company and specifically stating how the auditor's account, distributing the assets of the insolvent company, should be stated in respect to the claim of Dr. Wilson.

Upon the return of the case to the lower Court, an auditor's account, distributing the assets of the company and al-

lowing the claim of Dr. Wilson in accordance with the opinion of this Court, was stated, whereupon the three exceptions were taken—two to the allowance of the claim of Dr. Wilson and one to the claim of J. Frank Morrison. It is from the decree overruling these exceptions that this appeal is taken.

We will first consider the action of the lower Court in overruling the exception to the allowance of the claim of Dr. Wilson. After a careful examination and comparison of the records in this and in the former appeal, we find little in the second record that is not contained in the first. About the only additional fact that we discover is the introduction of a paper writing, purporting to be a subscription to ninety thousand dollars of the capital stock of the appellee company, with the name of Pierce B. Wilson, Jr., attached thereto, and worded as follows:

"BALTIMORE, MD., July 26th, 1904.

"We, the undersigned, hereby agree, each with the other and with the Cosmic Cement, Tile and Stone Company of Baltimore City, Md., to and do subscribe for the number of shares of the capital stock of the said Cosmic Cement, Tile and Stone Company, at the par value of fifty dollars ($50.00) per share, as written opposite our signatures, and do agree to pay for same, as follows: twenty-five per cent. of the amount of the subscription to be paid in cash at the time the subscription is made, a like payment of twenty-five per cent. to be due and made in one month thereafter, the balance, fifty per cent., of the amount of the subscription to be subject to the call of the board of directors, as required.

| Date of Subscription. | Signature of Subscriber. | Number of Shares of Stock Subscribed. | Amount of subscription in dollars. |
|---|---|---|---|
| 1904 July 28 | Pierce B. Wilson. Jr. | Eighteen Hundred. | $90,000.00." |

The only testimony bearing in any way upon this alleged cash subscription is that of Major Frederick C. Tarr, secre-

tary of said company, who, after testifying to the entries in the books of the appellee company, wherein it was shown that Dr. Wilson was credited with $100,000 purchase price for his discovery or formula purchased by the company from him, and wherein he was charged with $90,000 of its stock, which, by the contract, was to be issued to him in part payment of said $100,000, and the further charges for money paid in cash, amounting to $585, all of which facts were in the former record, testified as follows: Q. Have you any other account containing any charges against Dr. Wilson for stock on your books? Ans. No; none that I know of; I do not remember any now. Q. That was the only subscription he has for capital stock of the corporation on your books, was it not? Ans. Yes; this is all. I did not keep any stock ledger—it would not have been entered on the stock ledger anyhow because the certificates had not been issued. Q. Look at this paper now handed you, dated July 26th, 1904, and please state what it is? (This was the alleged cash subscription.) Ans. That is the subscription to eighteen hundred shares of the capital stock of the Cosmic Cement, Tile and Stone Company of Baltimore City, Maryland, dated July 28th, 1904, and signed by Pierce B. Wilson, Jr. Q. That was the form, the subscribers to the capital stock were to sign? Ans. Yes. On cross-examination, he further testified: Q. Do you know the signature of Dr. Wilson? Ans. I do. Q. Look at that subscription and say whether or not that is his subscription? Ans. I believe it to be—I am very well satisfied it is.

This is absolutely all of the testimony in which any reference is made to this alleged cash subscription. Witness testified, also, to the fact that Dr. Wilson was present at directors and stockholders' meetings, and that he made reports to the company from time to time, and to other facts that were in the former record, and, as we think, unimportant in aiding us to arrive at an opinion in this case.

The object of the exceptions filed on behalf of the Sturtevant Mill Company and J. Frank Morrison, as stated by the

exceptants in their brief, was to have the Court set off against Dr. Wilson's claim his subscription to the capital stock of the appellee company, as evidenced by the above alleged subscription dated July 28, 1904. It is, therefore, upon the introduction, into this case, of the alleged cash subscription to the capital stock of the appellee company, that the exceptants are asking for the reversal of the rulings of the Court below in granting the order appealed from.

The record fails to disclose where or in whose possession the paper writing or alleged cash subscription had been at any time since the date of its alleged execution to the time when offered in evidence. There is nothing in the record tending to establish the fact that it was ever delivered by Dr. Wilson or by anyone acting for him to the appellee company, or that the appellee company ever accepted the same, or, indeed, ever had it in its possession.

The books of the appellee company contain no reference to any cash subscription by Dr. Wilson to its capital stock. The only charge on said books against Dr. Wilson for its capital stock, subscribed to by him, is the charge for eighteen hundred shares thereof, par value $90,000, that were to be issued to him in part payment of the amount to be paid for his formula. This is conclusively shown by the entries on said books charging him with said stock.

It was admitted that Dr. Wilson attended the meetings of the directors and at such meetings acted as one of the directors of the company, and that he, also, attended the meetings of the stockholders of the company, and at such meetings represented eighteen hundred shares of its capital stock. This was done however, under the impression that he was the holder of such stock by virtue of the last mentioned contract with this company, which this Court, in the former appeal, said was void, so far as it related to the transfer of the formula and the issuance to him of the stock thereunder. We think, under the circumstances, that these acts of Dr. Wilson in no way assist or aid in establishing the cash subscription contract set up by the exceptants.

And after a very careful examination of all the facts disclosed by the record in this case, we are of the opinion that the exceptants have failed to establish any valid or binding contract made by Dr. Wilson with the appellee company, by which he was to subscribe to $90,000, or, in fact, to any amount of its capital stock to be by him paid for in money, as alleged by the exceptants. The exceptants further contend that when a subscription is payable in material and it is not paid in material according to the contract of subscription, it is demandable in money. Without passing upon the correctness of this proposition, we simply say that in this case there is no such contract. The contract that was attempted to be made by and between Dr. Wilson and the directors of the appellee company has been said, by this Court, to be void, and on this appeal is not before us for our consideration.

We therefore find no error in the rulings of the lower Court in passing the order or decree overruling the exceptions to the allowance of the claim of Dr. Wilson.

We will now consider the exceptions to the allowance of the claim of J. Frank Morrison.

The claim of J. Frank Morrison, amounting to fourteen hundred and eighteen dollars, is for money that he loaned to the corporation and which was not repaid to him. A dividend was allowed upon this claim in the first audit stated, and to which no exceptions were taken. Upon the return of the case to the lower Court, after the former appeal, a dividend was again allowed upon this amount in the audit then stated. After the exceptions were taken by J. Frank Morrison to the allowance of the claim of Dr. Pierce B. Wilson, he, Dr. Pierce B. Wilson, excepted to the allowance of the claim of J. Frank Morrison.

The exceptant, Dr. Wilson, contends that J. Frank Morrison was a subscriber to the capital stock of said company to the extent of five thousand dollars, and that the whole of such subscription has not been paid by him, and that the balance remaining unpaid should be treated as an offset to the claim

filed by him, for money loaned, reducing the claim to the extent of such balance alleged to be owing.

The written agreement, if any, signed by Mr. Morrison subscribing to the capital stock of the company, is not in the record and, therefore, we have no opportunity of knowing the terms and conditions of that agreement. Nor is the agreement by which Mr. Morrison became the president of the company before us. Therefore we have no information as to the terms and conditions of the contract of employment or of the contract of subscription, only so far as they are attempted to be given in the resolution appearing upon the minute books of the company, which evidently does not embrace all the terms and conditions of the contracts of employment and subscription, or if it does, it is not sufficiently full and clear to enable us to determine the questions involved in this exception. We will therefore affirm the order.

> *Order affirmed, with costs to the appellee,*
> *to be paid equally by the exceptants.*